Case 4:18-cv-04608   Document 52   Filed on 07/09/20 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
July 09, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACOB HERNDON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-4608 |
| | § | |
| HARRIS COUNTY SHERIFFS | § | |
| DEPARTMENT | § | |
| and | § | |
| SERGEANT R LOMELI #569 | § | |
| and | § | |
| SERGEANT J LITTLETON, | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM AND ORDER**

Jacob R. Herndon, an inmate in the Harris County jail, filed suit under 42 U.S.C. § 1983 alleging that defendants R. Lomeli and J. Littleton, Harris County jail sergeants, refused to provide him with contact information for the Internal Affairs Division, denied him access to the jail law library, and impeded his efforts to file charges against another inmate with whom he was involved in an altercation. The defendants moved for summary judgment. Herndon responded, the defendants replied, and Herndon sur-replied. Based on the pleadings, the motions, the record, and the applicable law, the defendants' motion is granted, and this case is dismissed with prejudice.

**I.    Background**

At all times relevant to this case, plaintiff was an inmate in the Harris County jail and defendants were employed there. In November 2018, Herndon had a fight with another inmate. Herndon received medical treatment for injuries to his upper lip. Both

inmates were charged with a disciplinary infraction, and the incident was reported to defendant Littleton, the supervisor for the section of the jail where the fight occurred. Defendants' Summary Judgment Exhibits A, B.

After Herndon returned from his medical treatment, defendant Lomeli checked on him. Herndon advised Lomeli that he wished to file a grievance. Lomeli gave Herndon an inmate request form with Lomeli's name and badge number on it and told Herndon that he would personally file the form for him. Herndon never completed the form. *Id.*, Exh. I.

## II.  Analysis

### A.  Standard of Review

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and therefore judgment is appropriate as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once the movant presents evidence demonstrating entitlement to summary judgment, the nonmovant must present specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

> If the movant . . . meet[s] th[e] burden [of demonstrating the absence of a genuine issue of material fact], the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.

> This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by "unsubstantiated assertions, or by only a scintilla of evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations and internal quotation marks omitted).

B.  **Exhaustion of Grievances**

Before bringing a federal lawsuit challenging prison conditions, a prisoner must first exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199 (2007); s*ee also Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) ("pre-filing exhaustion of prison grievance processes is mandatory"). Herndon acknowledges that he did not file any grievances through the available jail grievance process. Complaint at 3. As noted above, the evidence shows that defendant Lomeli gave Herndon a grievance form and offered to file it for him; Herndon never returned the form. Defendants also submit an excerpt from the jail inmate handbook showing that grievances do not have to be on any particular form, but can be written on any piece of paper, and can be deposited by inmates in boxes located around the jail. Defendants' Exh. G. There was therefore nothing impeding Herndon from filing a grievance. Because Herndon failed to exhaust his available administrative remedies, he is statutorily barred from bringing this lawsuit.

### III. Conclusion

For the foregoing reasons, the defendants' motion for summary judgment (Doc. # 40) is GRANTED and the complaint (Doc. # 1) dismissed with prejudice.

It is so ORDERED.

SIGNED on this 9th day of July, 2020.

_____
Kenneth M. Hoyt
United States District Judge